William B. Groat, J.
In an action to cancel and set aside two deeds to real property and for equitable liens against such properties, defendants move for summary judgment dismissing the complaint and for like relief on their counterclaim for a declaratory judgment.
The plaintiff is the surviving spouse of one John Sabatino. They were married on May 3, 1939 and lived together until his death on August 3,1959. The defendants Jennie Sabatino, John *669 Sabatino, Jr., and Bose Sabatino Horan are three of four children of John by his former marriage.
By deed dated April 12, 1954, John Sabatino conveyed the property known as 103-35 123rd Street, Bichmond Hill, to himself and his three children (the defendants in this action), as “ joint tenants, survivor to take all”. By deed dated August 26, 1954 one of the defendant children — Jennie Sabatino — conveyed the property known as 97-29 121st Street, Bichmond Hill, of which she was then the record owner, to herself, her father, John Sabatino, and to her brother and sister, the other codefendants, “ as joint tenants, survivor to take all ”,
The complaint sets forth the following five causes of action: (1) to set aside as an illusory transfer the deed dated April 12, 1954; (2) to set aside as an illusory transfer the deed dated August 26, 1954; (3) for a lien based upon an alleged request by John Sabatino of his attorney to transfer his interest in the properties above mentioned to the plaintiff, his death prior to the preparation and execution thereof thus depriving the plaintiff of an interest in said properties; (4) for a lien based upon an alleged unjust enrichment of the defendants, resulting from a claimed expenditure of moneys by the plaintiff to reduce an existing mortgage on the property known as 103-35 123rd Street, Bichmond Hill, the subject of the first cause of action; (5) to set aside both conveyances upon the ground of alleged undue influence practiced upon the decedent by his children.
The defendants’ moving affidavit is confined to a discussion of only the first, second and fifth causes of action, and no motion •has been made to dismiss any of the five causes for legal insufficiency. The moving affidavit sets forth the two deeds in question, and points to the plaintiff’s admission in her bill of particulars that no written or oral reservation of rights existed with respect to the properties in question.
In her reply affidavit plaintiff contends that a reservation of these rights was implied by the conduct of the decedent. However, she has produced no evidence attesting thereto. She has merely repeated paragraphs of the complaint, to wit: ‘ ‘ He collected all rents, paid all bills, and reserved to himself alone any and all profits derived from the operation of said properties never once giving any profit or any accountings to the purported co-owners. ’ ’ She made no reply to defendants ’ moving affidavit and proof submitted with respect to the fifth cause of action, i.e., undue influence.
It is the opinion of this court that the answering affidavits are Insufficient to meet the burden placed on the plaintiff, since the defendants have, in the first instance, made out a case for *670 a summary disposition with respect to the first, second and fifth causes of action. The existence of triable issues of fact is not established merely by repeating the allegations of the pleadings. (Pribyl v. Van Loan & Co., 261 App. Div. 503 ; Norton v. Clark & Son, 144 N. Y. S. 2d 245.) Moreover, the continuous supervision and control of the properties by a joint tenant, along with the retention of rents without accounting therefor, will not, of itself, render the transfer illusory. (See Kaufman v. Zash, 12 Misc 2d 329, mod. on another ground 7 A D 2d 927, affd. 7 N Y 2d 831.)
Accordingly, the motion for summary judgment is granted with respect to the first, second and fifth causes of action. The third and fourth are severed.
No disposition has been made of the counterclaim for a judgment declaring the defendants to be the sole owners of the properties in question, etc., since all of the plaintiff’s causes of action have not here been dismissed.